UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                      :
UNITED STATES OF AMERICA,                  :
                                                                      :
                        Plaintiff,                        :
                                                                              :        20-CR-135 (JMF)
            -v-                                :
                                                                               :      MEMORANDUM OPINION
ANDRE CURRY,                                    :              AND ORDER
                                                                               :
                        Defendant.                    :
                                                                               :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Defendant Andre Curry moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for a sentence reduction on the ground that the Bureau of Prisons ("BOP") has refused to credit him for the period from July 27, 2020, to January 6, 2023, when, although in physical custody of the BOP, he was apparently in "primary state custody." ECF No. 763, at 1. Curry argues that a reduction is appropriate because, "[a]t sentencing, the Court contemplated that his term of incarceration on the federal charges would commence on July 27, 2020, the date he was brought into the custody of the United States Marshals." *Id.* The Government opposes the motion on both procedural grounds — namely, that it is premature (and perhaps procedurally improper) — and on the merits. *See* ECF No. 765.[1]

        The Court agrees with the Government that Curry's motion is premature, if not procedurally improper. In general, the "appropriate statutory mechanism for challenging the BOP's computation of a prisoner's sentence is" a petition pursuant to 28 U.S.C. § 2241 in the district of his incarceration. *United States v. Lopez*, No. 20-CR-230 (JFK), 2022 WL 2340430,

---

[1]     Curry did not file a reply by the February 21, 2024 deadline. *See* ECF No. 764.

at *2 (S.D.N.Y. June 29, 2022); *accord Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *United States v. Thomas*, No. 17-CR-350 (LAP), 2021 WL 1016034, at *1 (S.D.N.Y. Mar. 17, 2021). Moreover, before seeking such relief pursuant to Section 2241, a defendant "must first exhaust administrative appeals." *Thomas*, 2021 WL 1016034, at *1; *accord Lesane v. Tellez*, No. 21-CV-2074 (LTS), 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021). As relevant here, that involves pursuit of "a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP." *United States v. Wusebio*, No. 04-CR-607 (LAP), 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007) (citing 28 C.F.R. §§ 542.13-542.15 (2006)). Curry has not yet exhausted these remedies, *and* this District is not the district of his incarceration.

    For these reasons, the Court is compelled to deny Curry's motion. That said, the Court takes the opportunity to confirm (or clarify, as the case may be) that, when sentencing Curry, it did indeed contemplate that he would receive credit for the time he spent in the BOP's custody beginning July 27, 2020. *See* ECF No. 763-2, at 11, 14, 30. Moreover, a review of the sentencing transcript makes plain that counsel for both parties — including counsel for the Government — had the same expectation and understanding. There was extended discussion about whether Curry should receive credit for the period from March 30, 2020, through July 27, 2020, and the Court ultimately concluded that he should not (but varied downward to account for that time). *See id.* at 10-14, 28-31. But it was everyone's clear understanding that the time Curry served in BOP custody beginning July 27, 2020, would indeed be credited toward his sixty-month term of imprisonment in this case. Accordingly, while the Court is constrained to deny Curry's motion, it very much hopes that the BOP ultimately gives Curry credit for the

relevant time, either voluntarily (as a result of the administrative process) or as a result of a Section 2241 petition. If the BOP does not, Curry can and should file a new motion here pursuant to Section 3582(c)(1)(A).

    SO ORDERED.

Dated: February 26, 2024
       New York, New York

                                      JESSE M. FURMAN
                                      United States District Judge