UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
                Plaintiff, :
: 20-CR-135-14 (JMF)
    -v- :
: ORDER
ANDRE CURRY, :
:
                Defendant. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The Court received a letter from the Bureau of Prisons, dated March 28, 2025, concerning the calculation of Defendant Andre Curry's sentence, which is attached hereto as Exhibit A. Earlier today, the Court responded by letter, which is attached hereto as Exhibit B.

        SO ORDERED.

Dated: April 4, 2025
       New York, New York
                                                               JESSE M. FURMAN
                                                        United States District Judge

# EXHIBIT A

**U.S. Department of Justice**

Federal Bureau of Prisons

---

Designation and Sentence Computation Center

U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, Texas 75051

March 28, 2025

The Honorable Jesse M. Furman
United States District Court Judge
for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

**RE: CURRY, Andre**
  Register Number: 88097-054
  Case Number: S5 1:20-CR-135-14(JMF)

Dear Judge Furman:

On June 16, 2022, Andre Curry was sentenced by the Court to a 60-month term of confinement for Conspiracy to Distribute Narcotics. Mr. Curry has requested credit for time spent in service of a state sentence, which the Bureau of Prisons (Bureau) considers a request for a retroactive designation, which would in turn make his federal sentence concurrent with his state term. This would be accomplished by the Bureau designating the state institution for service of his federal sentence under 18 U.S.C. § 3621(b). Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, 566 U.S. 231, 237 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent with or consecutive to any other sentence rests with the federal sentencing court. The Bureau is requesting guidance as to how Mr. Curry's federal sentence should run with respect to a sentence he has served with the State of New York.

At the time the federal sentence was imposed, Mr. Curry was under the primary jurisdiction of state authorities in New York. The respective Judgment in a Criminal Case was silent regarding any relationship with the forthcoming action by the state. Following sentencing, Mr. Curry was returned to state authorities and the U.S. District Court Judgment was filed as a detainer.

On December 21, 2022, Mr. Curry was sentenced by the State of New York to a 1-year and 6-month to 3-year term of imprisonment for Attempted Assault-2nd Degree: Injure Victim 65 or Older, in the New York County Supreme Court Case Number IND-03721-19/001.  The state information received by the Bureau does not indicate whether the court intended the term to run concurrently with or consecutively to the federal sentence.  On December 21, 2022, Mr. Curry had exceeded 3 years in custody already, and the state obligation was retroactively satisfied on November 11, 2022, based on prior custody credit applied to the state sentence.  On January 11, 2023, Mr. Curry was released to the federal detainer to commence the service of his federal sentence as provided by 18 U.S.C. § 3585(a).

The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing court.  If, after 60 days, a response has not been received from the Court, the Bureau will complete its review and make a decision regarding this case.

Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on a date which would result in the release from Bureau custody of Mr. Curry.  Should the Court indicate the sentence is to run consecutively to the state term, he will continue to a current projected release date of June 2, 2027.

We respectfully request that you please advise us in writing at your earliest convenience, as to the Court's position on a retroactive designation in this case.  Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

*Marcus Eames for*

Kathy Williams, Section Chief
Sentence Computations

mgb
cc:   Andrew Chan, AUSA
      Jill Jefferies, USPO

# EXHIBIT B



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JESSE M. FURMAN
United States District Judge

(212) 805-0282
jesse_furman@nysd.uscourts.gov

BY E-MAIL

April 4, 2025

Kathy Williams
Section Chief, Sentence Computations
Designation and Sentence Computation Center
Federal Bureau of Prisons
U.S. Armed Forces Reserve Complex
346 Marin Forces Drive
Grand Prairie, TX 75051

          RE:    CURRY, Andre
                    Register Number: 88097-054
                    Case Number: S5 1:20-CR-135-14 (JMF)

Dear Ms. Williams:

In reference to your letter of March 28, 2025, I enclose my Memorandum Opinion and Order entered on February 26, 2024. As noted therein, my intention was that Defendant Andre Curry "would receive credit for the time he spent in the BOP's custody beginning July 27, 2020." Mem. Op. 2. I hope and trust that that answers your question. If it does not, do not hesitate to inquire further.

Sincerely,

[signature]

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                          Plaintiff,                              :
                                                                  :    20-CR-135 (JMF)
                -v-                                               :
                                                                  :    MEMORANDUM OPINION
ANDRE CURRY,                                                      :         AND ORDER
                                                                  :
                          Defendant.                              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant Andre Curry moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for a sentence reduction on the ground that the Bureau of Prisons ("BOP") has refused to credit him for the period from July 27, 2020, to January 6, 2023, when, although in physical custody of the BOP, he was apparently in "primary state custody." ECF No. 763, at 1. Curry argues that a reduction is appropriate because, "[a]t sentencing, the Court contemplated that his term of incarceration on the federal charges would commence on July 27, 2020, the date he was brought into the custody of the United States Marshals." *Id.* The Government opposes the motion on both procedural grounds — namely, that it is premature (and perhaps procedurally improper) — and on the merits. *See* ECF No. 765.[1]

The Court agrees with the Government that Curry's motion is premature, if not procedurally improper. In general, the "appropriate statutory mechanism for challenging the BOP's computation of a prisoner's sentence is" a petition pursuant to 28 U.S.C. § 2241 in the district of his incarceration. *United States v. Lopez*, No. 20-CR-230 (JFK), 2022 WL 2340430,

---

[1] Curry did not file a reply by the February 21, 2024 deadline. *See* ECF No. 764.

at *2 (S.D.N.Y. June 29, 2022); *accord Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006); *United States v. Thomas*, No. 17-CR-350 (LAP), 2021 WL 1016034, at *1 (S.D.N.Y. Mar. 17, 2021). Moreover, before seeking such relief pursuant to Section 2241, a defendant "must first exhaust administrative appeals." *Thomas*, 2021 WL 1016034, at *1; *accord Lesane v. Tellez*, No. 21-CV-2074 (LTS), 2021 WL 3500916, at *2 (S.D.N.Y. Aug. 4, 2021). As relevant here, that involves pursuit of "a multistep process under BOP regulations, ranging from requesting informal resolution of a complaint to raising that complaint to the BOP Regional Director and, ultimately, to the General Counsel of the BOP." *United States v. Wusebio*, No. 04-CR-607 (LAP), 2007 WL 582745, at *2 (S.D.N.Y. Feb. 21, 2007) (citing 28 C.F.R. §§ 542.13-542.15 (2006)). Curry has not yet exhausted these remedies, *and* this District is not the district of his incarceration.

      For these reasons, the Court is compelled to deny Curry's motion. That said, the Court takes the opportunity to confirm (or clarify, as the case may be) that, when sentencing Curry, it did indeed contemplate that he would receive credit for the time he spent in the BOP's custody beginning July 27, 2020. *See* ECF No. 763-2, at 11, 14, 30. Moreover, a review of the sentencing transcript makes plain that counsel for both parties — including counsel for the Government — had the same expectation and understanding. There was extended discussion about whether Curry should receive credit for the period from March 30, 2020, through July 27, 2020, and the Court ultimately concluded that he should not (but varied downward to account for that time). *See id.* at 10-14, 28-31. But it was everyone's clear understanding that the time Curry served in BOP custody beginning July 27, 2020, would indeed be credited toward his sixty-month term of imprisonment in this case. Accordingly, while the Court is constrained to deny Curry's motion, it very much hopes that the BOP ultimately gives Curry credit for the

2

relevant time, either voluntarily (as a result of the administrative process) or as a result of a Section 2241 petition. If the BOP does not, Curry can and should file a new motion here pursuant to Section 3582(c)(1)(A).

SO ORDERED.

Dated: February 26, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3